**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 1:07-CR-100 |
| KEEMO KEESHUN SINEGAL | § § | |

**REPORT AND RECOMMENDATION ON PETITIONS FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed February 20, 2015 in the above numbered case, alleging that the Defendant, Keemo Keeshun Sinegal, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Keemo Keeshun Sinegal was sentenced on February 28, 2008, before the Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of felon in possession of a firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. Keemo Keeshun Sinegal was subsequently sentenced to 57 months' imprisonment followed by a 3 year term of supervised release subject to the standard

conditions of release, plus special conditions to include: drug aftercare; mental health aftercare; and a $100 special assessment.

## II. The Period of Supervision

On December 20, 2011, Keemo Keeshun Sinegal completed his term of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on February 20, 2015 alleging that Keemo Keeshun Sinegal violated the mandatory condition of his supervised release that he not commit another federal, state or local crime by being arrested for aggravated assault on August 28, 2014.[1]

## IV. Proceedings

On June 3, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the only allegation that he violated a mandatory condition of supervised release, to wit: that he not commit another federal, state, or local crime.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of eighteen (18) months' imprisonment to run consecutively to his underlying state conviction for aggravated assault, with no supervised release to follow.

---

[1] During the hearing, Sinegal admitted to being convicted of this offense.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a mandatory condition of supervision by committing another crime, he will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A violation, the court shall revoke probation or supervised release.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade A violation and a criminal history category of IV, the guideline imprisonment range is 24 to 30 months. However, the original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years. Consequently, the guideline imprisonment range becomes 24 months.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the Defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. The Defendant is currently serving a twelve year state sentence for aggravated assault.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his mandatory condition that he not commit another federal, state, or local crime. At the hearing, the Defendant admitted to being convicted for aggravated assault while on supervised release. Based upon the Defendant's plea of

"true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release in the petition.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade A violation, and his criminal history category is a IV. Policy guidelines suggest 24 to 30 months' imprisonment; however, the maximum imprisonment sentence for a Class C felony is two years, so the range becomes 24 months. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of eighteen (18) months' imprisonment to run consecutively to his underlying state conviction for aggravated assault with no supervised release to follow. To the extent this is a downward variance from the guidelines, the undersigned gives the following reasons as to why this sentence is appropriate: the Defendant was largely compliant for the majority of his supervised release and successfully completed two years and eight months before revocation, just four months shy of completion; he was given the full cap of twelve years for the underlying state offense, which is a severe punishment; he will serve most of that time before being eligible for parole due to the use of a deadly weapon; and the Government did not oppose the downward variance.

### VII. Recommendations

1. The court should find that the Defendant violated a mandatory condition of supervised release by committing another crime.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of eighteen (18) months' imprisonment with no supervised release to follow. This sentence should run consecutively to any other term of imprisonment the Defendant is serving. See U.S.S.G. § 7B1.3(f).

4. The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Beaumont, Texas. The undersigned requests the court to recommend this facility to the Bureau of Prisons.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 8th day of June, 2015.

_____
Zack Hawthorn
United States Magistrate Judge